# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 96-30976
Summary Calendar

---

CLINTON C. HOWARD, JR.,

Petitioner-Appellant,

versus

CRIMINAL DISTRICT COURT, Orleans Parish;
RICHARD P. IEYOUB, Attorney General, State
of Louisiana,

Respondents-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CV-1275-E)

---

June 5, 1997

Before POLITZ, Chief Judge, KING and PARKER, Circuit Judges.

PER CURIAM:[*]

Clinton Howard appeals the denial of his application for habeas corpus relief.

For the reasons assigned we affirm.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

## BACKGROUND

Howard is currently serving a 25-year federal prison sentence for possession of cocaine with intent to distribute. Howard filed a habeas petition, invoking 28 U.S.C. § 2254, contending that the district court erred in sentencing because of a sentence enhancement based on two unconstitutional state court convictions. The sentences on those convictions have been served and Howard contends that they were unconstitutional because his guilty pleas thereon were involuntary.

The district court adopted the magistrate judge's report and recommendation, dismissing Howard's section 2254 application for lack of jurisdiction and, alternatively, construing his petition as filed under 28 U.S.C. § 2255, denied it on the merits. Howard timely appealed.

## ANALYSIS

Howard challenges the constitutionality of his state court convictions for which he obviously is not in custody. He is a federal prisoner challenging a federal sentence. The district court correctly dismissed his section 2254 petition for lack of jurisdiction.[1]

In a prudent concern for judicial economy, we will treat Howard's application as if it were filed under section 2255. Doing so we find that he

---

[1] See **Maleng v. Cook**, 490 U.S. 488 (1989).

contends that the state trial court did not determine whether he understood the elements of the offense charged and did not inform him of his right to trial by jury, the minimum and maximum sentences, and the nature of the charges against him.

On direct appeal we rejected Howard's contention that he was not advised of the right to trial by jury.[2] We will not consider that issue again.[3] Howard raises for the first time his other challenges to the voluntariness of his guilty pleas. Ordinarily we will only entertain issues raised for the first time on collateral review where the prisoner makes a showing of both cause for the procedural default and prejudice as a result of the constitutional error.[4] The habeas petitioner must only show cause and prejudice, however, if the government raises the procedural bar in the district court.[5]

In the case at bar, the United States did not appear as a party because the application was filed under section 2254. Although we could remand to provide the United States with an opportunity to appear and raise the procedural bar, in the posture of this appeal we need not do so. Even if Howard were not procedurally

---

[2]**United States v. Howard**, 991 F.2d 195 (5th Cir.), cert. denied, 510 U.S. 949 (1993).

[3]**United States v. Kalish**, 780 F.2d 506 (5th Cir.), cert. denied, 476 U.S. 1118 (1986).

[4]**United States v. Samuels**, 59 F.3d 526 (5th Cir. 1995).

[5]**United States v. Drobny**, 955 F.2d 990 (5th Cir. 1992).

barred, our review of the record persuades that his claims are without merit. Howard offers no evidence to suggest that his guilty pleas were involuntary. Although the transcripts of the guilty plea proceedings are not available, the Supreme Court has taught that in a collateral attack, "it defies logic to presume from the mere unavailability of a transcript . . . that the defendant was not advised of his rights."[6] Compelling herein is the fact that in Howard's direct appeal we stated that, "[n]othing in the record indicates that Howard was not fully aware of the rights that he was waiving" and "[t]he record states that Howard was advised of his 'constitutional rights.'"[7] Indeed, the record discloses that Howard signed written guilty plea declarations admitting that the state trial judge informed him of the rights of which he now contends that he was unaware.

AFFIRMED.

---

[6]**Parke v. Raley**, 506 U.S. 20, 30 (1992).

[7]**Howard** at 200.